**BAKER v. ROSEN et al.**

No. 598.

Municipal Court of Appeals for the District of Columbia.

April 30, 1948.

Rehearing Denied May 24, 1948.

John Geyer Tausig, of Washington, D. C., for appellant.

Reuben Bonnett, of Washington, D.C., for appellees.

Before CAYTON, Chief Judge, and HOOD aud CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Defendant, who is appellant in this court, was sued for one month's rent for an apartment he had formerly occupied. He filed a counterclaim for $1,000, claiming that the landlords had failed to maintain in his apartment the minimum service standards required under the District of Columbia Emergency Rent Control Act[1] and that they had wrongfully forced him to move from the apartment, causing him certain items of damage. At the conclusion of defendant's evidence the trial judge on plaintiffs' motion disallowed the counterclaim and ordered judgment for plaintiffs on the rent claim.

We must hold that the judgment was erroneous because the uncontradicted evidence was that the landlords had failed to maintain minimum service standards. The evidence showed that on the statutory freeze date, January 1, 1941, the services supplied by the landlords included, among other things, window shades, refrigerator, and "repairs inside and outside." The evidence also showed that the landlords had refused to furnish window shades or a refrigerator; that they had failed or refused to do any redecorating; also that they had failed or refused to do any repairing, particularly as to a plumbing leak in the bathroom of the apartment above, which caused leakage into defendant's apartment and resulting bad odors; that the condition was allowed to go unrepaired for several months and until the tenant had them summoned before the Rent Administrator.

As we have said, there was no contradiction of this evidence; and seemingly the only defense was that the tenant had originally agreed to take the apartment "as is" and therefore had no right to have the minimum services furnished. This is no defense to a claim of this kind. To recognize it as a valid defense would be to defeat one of the principal purposes of the Act. Under the Rent Act minimum service standards were just as effectively frozen as were

[1] Code 1940, Supp. V, § 45—1601 et seq.

maximum rent ceilings and these landlords had no more right to withhold such services than to demand a rental in excess of the lawful ceiling. The Act, Code 1940, Supp. V, § 45—1605, provides:

"It shall be unlawful, *regardless of any agreement, lease, or other obligation heretofore or hereafter entered into,* for any person to * * * refuse to supply any service required by the minimum-service standard, or otherwise to do or omit to do any act in violation of any provision of this chapter or of any regulation, order, or other requirement thereunder, or to offer or agree to do any of the foregoing." (Emphasis supplied)

And the Act also prescribes, Code 1940, Supp. V, § 45—1610, that if any landlord refuses to render services in violation of the Act a tenant may bring an action for double the value of the services refused or for $50, whichever is greater. The tenant's right to the services was guaranteed him by the Act and such right was not lost by his agreement to take the apartment "as is." Estoppel does not operate under these circumstances.[2] Nor are we aware of any other rule of law which renders inoperative the express provisions of the Act.

■ Accordingly on the showing he had made and in the absence of contradiction, tenant would seem to have made out a prima facie case entitling him to some award, if no more than the $50 amount named in the statute.[3]

Goldberg v. Roumel, D.C.Mun.App., 47 A.2d 790, on which the landlords seemingly relied in the trial court is not in point. That case turned on a question of fact: whether the services had been withheld. Here there was no dispute whatever on that point.

Appellant also makes other contentions, which are either not necessary to this decision, or are without substantial merit. These contentions we will not discuss, in view of the disposition we are making of the appeal on other grounds.

In the trial court a Mr. and Mrs. Jacob Gordon were, on motion of defendant, made third party defendants to the counter-claim. The evidence showed no liability on their part and the trial judge properly found in their favor. Appellant conceded as much in his argument before us. As to those defendants the judgment should therefore be affirmed.

Affirmed as to appellees Mr. and Mrs. Jacob Gordon.

Reversed as to appellees Philip I. Rosen and Lillian Rosen, for further proceedings in accordance with this opinion.

---

[2] See Myers v. H. L. Rust Co., 77 U. S.App.D.C. 218, 134 F.2d 417.

[3] See Hall v. Henry J. Robb, Inc., D.C. Mun.App., 34 A.2d 863, and Goldberg **v.** Roumel, D.C.Mun.App., 47 A.2d 790, in which we discussed the basis of recovery for failure to furnish minimum standards.